Irene H. Ekstrom, and Edward W. Warner, Executors of Estate of John R. Ekstrom, Deceased, and Irene H. Ekstrom, Individually, Plaintiffs-Appellants, v. Otto Kanies, Defendant-Appellee.

Gen. No. 10,899.

Second District.

July 9, 1956.

Released for publication July 25, 1956.

Knight, Ingrassia & Bourland, of Rockford, and Lowell B. Smith, of Sycamore, for appellants; Stanley J. Roszkowski, of Rockford, of counsel.

Burrell & Holtan, of Freeport, and Wilson & Carnahan, of Sycamore, for appellee; David M. Burrell, of Freeport, of counsel.

PRESIDING JUSTICE DOVE delivered the opinion of the court.

This is an action by Irene H. Ekstrom and by the executors of the Estate of John R. Ekstrom against Otto Kanies to recover damages for the alleged wrongful death of John R. Ekstrom and to recover for injuries sustained by Irene H. Ekstrom as a result of an automobile collision on April 11, 1954, on Highway 72 almost three miles east of Genoa, Illinois. The complaint was filed June 2, 1954. The defendant answered denying the charges of negligence and wilful and wanton misconduct and filed a counterclaim against the executors of the John R. Ekstrom estate. Prior to the trial, on motion of counterclaimant, the counterclaim was dismissed and the issues made by the complaint and answer were submitted to a jury for determination. At the conclusion of all the testimony the plaintiffs withdrew the wilful and wanton counts of the complaint and the jury returned verdicts finding the issues for the defendant. Appropriate final judgments were rendered on these verdicts on March 16, 1955. On March 25, 1955, a motion on behalf of both plaintiffs was filed to set aside the verdicts, vacate the judgments entered

and grant a new trial. Thereafter, leave was granted plaintiffs to file an amendment to said motion for a new trial and the amendment was filed on May 27, 1955.

The record further shows that on July 5, 1955, the amended motion of the plaintiffs for a new trial was denied and on July 11, 1955, a notice of appeal was duly filed by the plaintiffs. On July 20, 1955, a stipulation was filed to the effect that the original report of trial proceedings could be used in the record on appeal instead of a copy thereof. On the same day, July 20, 1955, plaintiffs filed their praecipe for a transcript of the record in this cause, enumerating to be included therein, all pleadings, motions, orders, stipulations, judgments and the "report of proceedings at the trial, duly certified by the trial judge." Thereafter and on August 4, 1955, a report of trial proceedings, bearing the certificate of the official court reporter, was presented to the trial judge, who certified to the same erroneously, dating his certificate "July 4, 1955" instead of August 4, 1955. On the same day this report of trial proceedings was left with the clerk of the circuit court, who neglected to note thereon the filing thereof in his office. The clerk, however, incorporated this report in the record on appeal and on the same day, August 4, 1955, certified that said record was a true, perfect and complete transcript of the entire record in this case, "including therein the original report of proceedings" in this cause. On August 4 or 5, 1955, this record on appeal, so certified, was taken from the office of the circuit clerk by counsel for appellants for the purpose of preparing an abstract.

On August 11, 1955, one of appellants' counsel requested his co-counsel to obtain from the court an order extending the time in which to file the report of trial proceedings. Co-counsel did so and on August 11, 1955, a stipulation was presented to the trial court and, in accordance with that stipulation, an order was entered extending the time in which to file a report of

trial proceedings forty-five days from and after August 30, 1955.

The record on appeal, certified to by the clerk on August 4, 1955, was never returned to the office of the circuit clerk, but was filed in this court by counsel for appellants on September 22, 1955, who filed herein their abstract of record and brief and argument on October 21, 1955. None of the proceedings had in the trial court, following August 4, 1955, appear in the record on appeal, nor are those proceedings abstracted. They are brought to the attention of the court by a motion filed by appellee on October 26, 1955, to dismiss the appeal and by suggestions of counsel for appellants in opposition thereto and by a cross-motion of appellants requesting this court to enter an order directing the clerk of this court to return the record in this case to the clerk of the Circuit Court of De Kalb county in order, first, that "the date of the report of trial proceedings be corrected"; second, to further correct the record by including therein the stipulation of counsel dated August 11, 1955; third, to insert in the record the order of the circuit court, entered August 16, 1955, extending the time for filing a report of trial proceedings forty-five days from August 30, 1955. By this cross-motion, appellants also ask leave to file herein on some day to be fixed by the court, an additional abstract of record showing the foregoing corrections and additions and for leave to resubmit the report of trial proceedings to the trial judge "for further certification of the record as corrected and amended."

There is no necessity to grant the prayer of the cross-motion and direct the return of the record to the circuit clerk. What occurred in the preparation of this cause for appeal fully appears from the verified motion of appellee and the verified cross-motion of appellants. There is no dispute as to what happened. The report of trial proceedings was presented to the trial judge

392

on August 4, 1955, not July 4, 1955, and his certificate thereto was signed that day. Immediately thereafter it was lodged in the office of the circuit clerk and inadvertently not marked filed. In Roesch-Zeller, Inc. v. Hollembeak, 5 Ill.App.2d 94, the Appellate Court of the Third District refused to strike the report of proceedings at the trial from the record on appeal and refused to dismiss the appeal because the report of proceedings did not show the date it was filed in the office of the circuit clerk. In that case, the report of proceedings was signed by the trial judge on March 5, 1954, and delivered to the circuit clerk, but the clerk failed to mark it filed. The last day for filing such report with the clerk was March 24, 1954, and the clerk incorporated the report in the record on appeal and certified to it on March 17, 1954, and the record on appeal was filed with the clerk of the Appellate Court on March 22, 1954, which was two days before the last day on which the report of the proceedings at the trial could be filed in the office of the clerk of the trial court. The court held that the duty to file the report of proceedings, when presented, was a ministerial act, treated it as properly filed, and disposed of the case on its merits.

In the instant case we will treat the report of proceedings at the trial as filed when lodged with the clerk of the circuit court, which was August 4, 1955, and so treating it, Rule I of this court requires a dismissal of the appeal, inasmuch as the last day for filing the record on appeal in this court was September 9, 1955, and the record on appeal was not filed in this court until September 22, 1955.

The only explanation offered in connection with the order dated August 16, 1955, extending the time for filing the report of trial proceedings forty-five days from August 30, 1955, is that additional time was required in order to prepare an abstract of the record.

It is singular that at the very time this order was entered, the complete report of trial proceedings had already been certified to by the presiding judge and lodged with the clerk of the circuit court and the entire record on appeal, in which was incorporated the original report of trial proceedings certified to by both the official court reporter and trial judge, had already been certified to by the clerk of the circuit court, was in the possession of counsel for appellants and had been since August 4 or 5, 1955.

In explanation of why counsel for appellee stipulated that the extension order could be entered, it appears that they had no knowledge that the report of trial proceedings had been completed by the court reporter, had no knowledge that it had ever been presented to the trial court for certification, or that it had already been certified, and never had an opportunity to examine it until they did so after it had been incorporated in the record on appeal and filed in this court.

Under the authorities and the facts in this cause, the report of trial proceedings was filed by the clerk on August 4, 1955, when it was lodged in his office. If, however, it was not filed then, it never has been filed, because the record on appeal, in which the report of trial proceedings was incorporated, left the office of the clerk of the circuit court on either August 4 or 5, 1955, and has never been returned and is now in the possession of this court in the same condition it was when it left the office of the circuit clerk, having been certified to by him on August 4, 1955.

For failure to comply with Rule I of this court in not filing the record on appeal within the time prescribed, this appeal must be dismissed.

Appeal dismissed.

CROW and EOVALDI, JJ., concur.